Filed 9/26/16  P. v. Linerez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDDYS NAJERA LINEREZ,<br><br>    Defendant and Appellant. | B271009<br><br>(Los Angeles County<br>Super. Ct. No. NA086834) |

APPEAL from an order of the Superior Court of Los Angeles County, James Otto, Judge.  Affirmed.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

On August 22, 2011 Eddys Najera Linerez pleaded no contest to one count each of first degree (home invasion) robbery and assault with a firearm and admitted the truth of the special enhancement allegation he had personally used a firearm in committing the robbery. At the time he entered his plea, Linerez was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Linerez's counsel joined in the waivers of his constitutional rights. The trial court expressly found Linerez's waivers, plea and admissions were voluntary, knowing and intelligent.

The court sentenced Linerez in accordance with the negotiated plea agreement to an aggregate state prison term of 20 years, consisting of consecutive terms of nine years (the upper term) for home invasion robbery and one year (one-third the three-year middle term) for aggravated assault, plus 10 years for the firearm-use enhancement. The court awarded presentence custody credit of 393 days and ordered Linerez to pay statutory fines, fees and assessments. All remaining charges were dismissed pursuant to the negotiated agreement.

On February 22, 2016 Linerez filed a motion "to cure the trial court sentence defect and modification of judgment" in which he contested the legality of the sentence under the three strikes law. The trial court summarily denied the motion on February 25, 2016.

On March 18, 2016 Linerez filed a notice of appeal in which he checked the preprinted boxes indicating his appeal was based on "the sentence or other matters occurring after the plea" and "after a jury or court trial." Linerez did not obtain a certificate of probable cause. Although Linerez indicated on the form he was appealing from an order or judgment dated February 18, 2016, it appears he is challenging the February 25, 2016 order denying his postjudgment motion.

We appointed counsel to represent Linerez on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On May 25, 2016 we advised Linerez he had 30 days within which to personally submit any contentions or

issues he wished us to consider.  On June 24, 2016 we received a two-page handwritten supplemental brief in which Linerez argues his trial counsel was constitutionally ineffective in various ways during pre-plea proceedings, which are beyond the scope of this appeal from the February 25, 2016 order or have no merit based on the record before us.

We have examined the entire record and are satisfied Linerez's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.


PERLUSS, P. J.


We concur:



SEGAL, J.



GARNETT, J.[*]


---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.